158

UNITED STATES, Appellee,

v.

Don A. RAMSEY, Airman First Class
U. S. Air Force, Appellant.
No. 40,245.
ACMS 24935.

U. S. Court of Military Appeals.

June 14, 1982.

For Appellant: *Colonel George R. Stevens, Major Wade B. Morrison, Major George L. Squires* (on petition).

For Appellee: *Colonel James P. Porter, Captain Michael J. Hoover* (on petition).

*Opinion of the Court*

PER CURIAM:

Despite his pleas, appellant was convicted by special court-martial of several housebreakings and larcenies over a period of time between December 24, 1979, and January 7, 1980, in violation of Articles 130 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 930 and 921, respectively. He was sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, forfeiture of $299 pay per month for 6 months, and reduction to the lowest enlisted grade. The convening and supervisory authorities approved and the Air Force Court of Military Review affirmed. This Court granted review of appellant's petition on the following specified issue:

> WHETHER A COMMANDING OFFICER MAY LAWFULLY DELEGATE HIS AUTHORITY TO AUTHORIZE A SEARCH AND SEIZURE BASED ON PROBABLE CAUSE.

The record indicates that the deputy base commander, pursuant to delegation of authority from the base commander, authorized a search of appellant which produced much of the evidence used at appellant's court-martial to convict him. In *United States v. Kalscheuer,* 11 M.J. 373, 378 (C.M.A.1981), "we conclude[d] that a search performed by permission of a commander's delegee—other than a military judge or magistrate—does not meet Fourth Amendment requirements of reasonableness." However, we also acknowledged that "there has been justifiable reliance by law enforcement personnel and commanders on the rule that search authority can be delegated—a rule that we now conclude cannot be sustained." Based on that reliance, we held that "as to other military searches performed prior to the date of the issuance of our mandate in the case at bar, we shall not hold that any fruits were inadmissible

merely because the search was authorized by a person to whom the commander had delegated the authority to order searches." *Id.* at 380.

The search in question here occurred on January 11, 1980, by permission of the deputy base commander given the same day— well before the date of our mandate in *Kalscheuer.* Accordingly, the permission for the search herein is not constitutionally assailable under that decision.

The decision of the United States Air Force Court of Military Review is affirmed.

COOK, Judge (concurring in the result):

I concur in the result. *See* my separate opinion in *United States v. Kalscheuer,* 11 M.J. 373, 380 (C.M.A.1981).